THE HATTERS' BANK, Respondent, v. JOHN D. PHILLIPS
            and Others, Appellants.

*Promissory Note—Consideration—Surrender of Old Note.*

The existence of a prior note, and the fact that the note in suit was given
for the renewal of such prior note, is sufficient evidence of a consideration for
the latter note, and it is to be presumed that the prior note was given up, in
the absence of evidence to the contrary.

The giving of such note as a renewal, is a payment of the former note, and
an extinguishment of all liability for the same.

This is an appeal from a judgment of the General Term. The
action was upon a promissory note of $1,000. The referee found,
as matters of fact, that the note was made by the Defendants to
the order of Benedict & Farnam, and by them indorsed and de-
livered, before maturity, to the Plaintiff, for value, and reported
in favor of the Plaintiff for the note and interest.

By the answer the defence was :—

1. That the note in suit was without consideration, inasmuch
as it was given to the payees, Benedict & Farnam, to enable them
to take up a previous note given by the Defendants to the same
payees, and by the latter endorsed to the Plaintiffs ; which pre-
vious note was without consideration, and to secure the payment
of which the Plaintiffs had collaterals out of which they had realized
sufficient to pay the note in suit.

2. That Plaintiff is not the owner and holder of the note in suit,
but transferred it to one Clark, after maturity ; and if the latter
ever re-transferred it to Plaintiff, he did so without consideration.

Judgment was entered upon the report, and the Defendants
appealed to the General Term, where the judgment was affirmed.
The facts and points made, so far as material, appear in the opinion.

*Wm. E. Curtis* for Appellants.
*Samuel Hand* for Respondent.

MILLER, J.—The Defendants claim that the promissory note to recover which this action was instituted, was made for the accommodation of Benedict & Farnam, the payees thereof; that the Plaintiff did not part with value for the note; that it was given to secure a prior note, which was past due, and that there is no evidence to establish that the Plaintiff surrendered or canceled the former note, or received the one in suit, otherwise than as security for a precedent debt.

Upon the trial of this cause before the referee, it appeared that the note in question was given in renewal of an original note of $1,500, discounted by the Plaintiff on the 8th of August, 1858, and which had been renewed, from time to time, until the note in suit was given for the balance remaining unpaid.

There was evidence, on the part of the Defendants, to prove that the note was given to the payees for their accommodation, and at their request; and also evidence to show that the payees paid the discount, and that the check was sent to the Defendants for the amount of the note originally given, and direct proof by the cashier, or the bank, that the Plaintiff never had any collaterals whatever for this note, or for any of the renewals.

The existence of the former note would seem to be a sufficient consideration for the making of a new one, and a payment of the old note. It is to be presumed, therefore, that the old note was surrendered and given up, even although it is not distinctly made to appear that such was the fact, by direct testimony.

In every sense it was a payment and cancellation of the old note, and no action could be maintained to recover it under the facts proved. It extinguished that indebtedness, and was, therefore, a parting with value by the bank. Aside, however, from this view of the matter, it was, at least, a question of fact whether the Defendants had not really received the avails of the note first discounted, of which the note in suit was a renewal.

The referee's report is adverse to the Defendants upon this point, and they are thereby concluded from raising the question discussed, even if it was sufficiently presented to his consideration upon the trial, of which I entertain considerable doubt.

It is further insisted that an action having been brought upon the note in the name of George W. Clark, as the owner, and it appearing that it was accommodation paper, and received by him after it was due, and he having failed to restrain this action, it cannot be maintained by the Plaintiffs. The proof upon the trial established that the Plaintiffs sent the note, after maturity, to their attorneys for collection; and the attorneys, to save the trouble of proving the corporate existence of the Plaintiff, and giving security for costs, obtained permission to use Clark's name, and did so; that upon the trial the Plaintiff was permitted to discontinue, it appearing that Clark was not the real party in interest; that there was no actual delivery to Clark, and after the suit Clark abandoned all claim to the note. The suit was commenced in the name of Clark, without an actual transfer of the note, and the title did not actually pass. It was not like a case where a note or chose in action is passed over to a third party, in consideration that he should collect it, and apply it upon an account then existing between the parties; for no title whatever was passed, and for want of such title the action could not be maintained. The title to the note remained in the bank; and the Defendants, under the circumstances, should not be permitted to avail themselves of an attempted transfer, which was invalid, and which never was consummated.

As heretofore stated, it is denied that the Plaintiff held any collateral security, and hence there is no force in the point taken, that the bank surrendered any such securities.

The testimony of conversations with Mr. Baird, as to the circumstances under which the note was received, and the instructions given, was a part of the res gestæ.

It showed the possession of the Plaintiffs' attorneys, for the purpose of collection. The distinct objection was not taken that the evidence failed to show that Mr. Baird acted as a director, and, on the direct examination, when objection was made to the testimony, the proof showed that he was a director.

If this was contradicted by the cross-examination, so as to make it dubious whether he was such a director, the Defendants should

have asked the referee to strike out the testimony, which was not done. It may also be remarked, that if the distinct objectic had been made, it might have been obviated by other testimony.

There was no error in admitting the question, " Was the note ever transferred to Mr. Clark, so as to give him title ? " It was not objected to as calling for the opinion of the witness, but merely as incompetent.

It was clearly competent to prove that there was no such transfer, and a part of the res gestæ, and if objectionable, as leading or asking for an opinion, the objection should have been stated. But even if improperly admitted, the answer given could not possibly affect the result, as all the circumstances attending the transaction were fully proved.

The other objections to the evidence are of a similar character, and do not require any extended comment.

MASON, J.—This is an action upon a promissory note of one thousand dollars, made by the Defendants, and payable to the order of Benedict & Farnam, at the Hatters' Bank, Bethel, Connecticut, three months after date, and is dated " December 21st, 1859."

The cause was tried before a referee, who found the following facts, to wit : That the Defendants, as copartners in business, made the promissory note mentioned and set forth in the complaint in this action. That the payees of the said note, before the maturity thereof, endorsed the said note to the Plaintiffs for a valuable consideration. That the Defendants have not paid the said note, or any part thereof, and that the Plaintiffs are now the lawful owners and holders of the said note, and also that the Plaintiffs are, and were at the time stated in the complaint, a corporation, duly chartered under and by the laws of Connecticut; and upon these facts he gave judgment for the Plaintiff for the amount of the note, and interest, at $1,069$\frac{3\,8}{1\,0\,0}$.

The Defendants excepted to the findings of fact, that the payees of the note in the complaint mentioned endorsed the same to the Plaintiff, before the maturity thereof, for a valuable consideration, and that the Plaintiffs are the lawful owners and holders thereof,

20

and also to the referee's conclusion of law, that the Plaintiffs were entitled to recover, &c.

As there was evidence in the case upon which to predicate these findings of facts by the referee, they are conclusive upon this Court, and cannot be reviewed upon this appeal.

The Plaintiff was entitled to recover upon the facts found, and the judgment must be affirmed, unless the referee erred in some of his findings in admitting evidence.

The Defendants set up the defence, in their answer, that this note was transferred by the Plaintiffs to one Geo. W. Clark, for and on behalf of Benedict & Farnam, and upon the trial gave evidence tending to show that the said Clark brought a suit upon the note, and upon information and belief denied that the Plaintiffs are the owners and holders of the note. It therefore, in reply, became material for the Plaintiffs to show that the note was never, in fact, transferred to Clark, and for this purpose George C. Barrett was called, who testified that this note was transmitted to him, by the Plaintiffs, for collection, and that as the Plaintiffs were a foreign corporation, and he might be put to some trouble in proving the corporation, and giving security for costs, he sued the note in the name of Clark, and with his consent, and when the Defendants set up in their answer, that the said Clark was not the holder and owner of the note, and found that he was going to be beaten in the suit, he discontinued the same.

There was no error committed in allowing Mr. Barrett to testify that he received the note from the Plaintiffs, shortly after maturity, with instructions to take proceedings for the collection of the same.

The instructions were a part of the res gestæ.

Barrett testified that Clark paid nothing for the note, without any objection; and no error was committed in allowing him to testify that he was not to pay anything.

I will not go over the various objections raised by the Defendants, while this witness was giving his evidence, and the various questions which were put to him. None of them are well taken.

The Plaintiff's case was as well proved without much of the

evidence as with it, and the Defendants were not prejudiced by the admission of this evidence.

The judgment should be affirmed.

All affirm.

JOEL TIFFANY,
State Reporter.